UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     GERALD HENNEGHAN | ) | Case No. 05-10550-SSM |
| | ) | Chapter 13 |
|                    Debtor | ) | |
| | ) | |
| GERALD HENNEGHAN | ) | |
| | ) | |
|                    Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 05-1212 |
| | ) | |
| CHWEI KUNG CHIU | ) | |
| | ) | |
|                    Defendant | ) | |
| | ) | |
| GERALD HENNEGHAN | ) | |
| | ) | |
|                    Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 05-1214 |
| | ) | |
| DONALD E. COULTER | ) | |
| | ) | |
|                    Defendant | ) | |

**MEMORANDUM OPINION**

Before the court are motions by the defendant in each of these adversary proceedings to dismiss the complaints for failure to state a claim for relief. The court heard oral argument on June 28, 2005, and took the motions under advisement. For the reasons stated, the motions will be granted.

1

Background

Gerald Henneghan ("the debtor") filed a voluntary petition in this court on February 17, 2005, for relief under chapter 7 of the Bankruptcy Code. This was his sixth bankruptcy filing since 1998. The bankruptcy petition was filed approximately two weeks after the General District Court of Prince William County, Virginia, had entered a judgment on January 31, 2005, in favor of David Chiu, also known as Chiu Chwei Kung, for possession of the premises at 9855 Nimitz Court, Manassas, Virginia, and for unpaid rent and attorney's fees. Mr. Chiu, who was represented in the state court action by attorney Donald E. Coulter, filed a motion in this court on February 22, 2005, for relief from the automatic stay in order to enforce the judgment for possession. Prior to the hearing on the motion, the debtor's case was dismissed on March 11, 2005, for failure to timely file schedules and a statement of financial affairs. That dismissal was vacated on March 18, 2005. In the interim, Mr. Coulter having learned of the dismissal, requested the clerk of the Prince William County General District Court on March 11, 2005, to issue a writ of possession. The clerk did so, and the writ was delivered to the Sheriff the same day. At some point not clearly disclosed by the record, the Sheriff delivered or posted an eviction notice requiring the debtor to vacate the premises by March 21, 2005. No eviction was actually carried out on that date, presumably because the bankruptcy case had been reinstated.

Immediately upon the reinstatement of the case, the court entered an order for the debtor to show cause why he should not be denied a discharge because he had received a chapter 7 discharge in his prior case and was therefore ineligible to receive a chapter 7 discharge in the newly-filed case. Prior to the hearing on the order to show cause, Mr.

Chiu's motion for relief from the automatic stay came on for hearing. The court granted the motion with respect to the judgment for possession, and an order reflecting that ruling was entered on March 31, 2005. The debtor then moved to convert his case to chapter 13. An order granting the motion was entered on April 7, 2005. After the chapter 13 trustee filed a motion to dismiss the case, the debtor then filed his own motion to dismiss. The court granted the debtor's motion, and the case was dismissed (with prejudice to refiling for 180 days, because a motion for relief from the automatic stay had been filed) on June 9, 2005.

The present actions were filed on March 23, 2005. The complaints are essentially identical and seek $2.42 million in damages from Mr. Chiu and Mr. Coulter for race and sex discrimination (Count 1), retaliatory conduct (Count 2), harassment (Count 3), violation of the automatic stay (Count 4), and violation of public policy (Count 5).[1] The complaint, although heavy on the rhetoric and buzz-words of discrimination lawsuits, alleges only a single fact as providing grounds for the requested relief, namely that on March 11, 2005, the defendants violated the automatic stay "by distressing [the debtor] with [the defendant's] collection notices after [the defendants] had been advised in writing that [the debtor] had filed bankruptcy...." The collection notices referred to are attached to the complaint and consist of the writ of possession and the Sheriff's eviction notice.

---

[1] In all, the debtor has filed a total of 26 adversary proceedings against various defendants he alleges have distressed him with collection activity in violation of the automatic stay or the discharge injunction.

3

Discussion

A.

The filing of a bankruptcy petition creates an automatic stay of a broad range of creditor activity, including "the commencement or continuation, including the issuance or employment of process, of a judicial ... action or proceeding against the debtor that was or could have been commenced before the commencement of the case[.] § 362(a)(1), Bankruptcy Code. A violation of the automatic stay may be redressed by the bankruptcy court under its civil contempt powers. *Burd v. Walters (In re Walters)*, 868 F.2d 665. 669 (4th Cir. 1989). Additionally, the Bankruptcy Code gives an individual debtor a right of action for damages, including punitive damages and attorney's fees, resulting from a willful violation of the stay. 11 U.S.C. § 362(h); *Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292 (4th Cir. 1986). Where a party has actual knowledge of a bankruptcy filing, and despite such knowledge intentionally undertakes actions that in fact violate the stay, the party's ignorance of the legal effect of the stay is no defense to a resulting motion to find the party in civil contempt, although it may have a mitigating effect on the sanctions adjudged. *In re Peterkin*, 102 B.R. 50, 53-54 (Bankr. E.D. N.C. 1989).

The problem here is that the specific conduct alleged to have violated the automatic stay – namely, the request that the state court clerk issue the writ of possession – was not a violation of the automatic stay for the simple reason that no automatic stay was in effect following entry of the order dismissing the case on March 11, 2005. While the subsequent reinstatement of a dismissed case restores the automatic stay, it does not do so retroactively, and acts undertaken between the dismissal of the case and its reinstatement do not violate

the automatic stay (although they may be subject to avoidance under other provisions of the Bankruptcy Code). Even though the debtor may have previously notified the creditor that he had filed a bankruptcy petition, the creditor was entitled to rely on this court's official docket to determine that the case had been dismissed. Dismissal terminates the automatic stay as a matter of law and largely restores the parties to the position they occupied prior to the bankruptcy filing. §§ 362(c)(2)(B) & 349(b), Bankruptcy Code. Of course, once the case was reinstated, any attempt after that point to enforce the judgment for possession was stayed. The complaints are devoid, however, of any allegation showing that actions were undertaken after the dismissal order was vacated that would have violated the automatic stay. For that reason, the court concludes that the complaint simply fails to state a claim for violation of the automatic stay, as alleged in Count 4. The counts other than Count 4 are all predicated on a violation of the automatic stay. Even assuming, without deciding, that a violation of the automatic stay animated by racial or gender bias or in retaliation for a bankruptcy filing constitutes an actionable tort independent of the remedy provided by Congress in § 362(h), such causes of action, at least as pleaded, are nevertheless dependent on a violation of the automatic stay. There being no such violation, the additional counts must fail.

B.

There is a further reason for dismissing Counts 1, 2, 3, and 5. As noted, the underlying bankruptcy case in which the automatic stay was allegedly violated has now been dismissed. Dismissal of a bankruptcy case ordinarily results in dismissal of pending adversary proceedings, particularly those asserting non-core causes of action, although the

5

court has discretion to retain jurisdiction in an appropriate case. *In re Porges*, 44 F.3d 159, 162 (2nd Cir. 1995). While an action seeking redress for violation of the automatic stay is clearly a core proceeding, the ancillary claims asserted in Counts 1, 2, 3, and 5 (again, assuming they actually state claims for relief) would at best have been non-core, related proceedings in the context of the chapter 13 case. That case having now been dismissed, those claims by definition cannot be related. This is not a situation, moreover, in which the litigation was far advanced at the time the underlying bankruptcy case was dismissed, and thus considerations of judicial economy do not warrant retention of jurisdiction.

A separate order will be entered dismissing the complaint in each of the adversary proceedings.

Date: _____                    _____
                                                                                 Stephen S. Mitchell
Alexandria, Virginia                                                     United States Bankruptcy Judge


Copy to:

Gerald Henneghan
10102 Parkington Court
Manassas, VA 20109
Plaintiff *pro se*

Kevin R. Hildebeidel, Esquire
Kevin R. Hildebeidel, P.C.
10412 Main Street, 2nd Floor
Fairfax, VA 22030
Counsel for the defendants